

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | | |
|---|---|---|
| **In re BRAULIO J. HERNANDEZ RAMOS, by his surviving spouse, Oralia Vincent Lopez, on her own.** | ) ) ) | **Docket No. 2024-20-2354** |
| **Employee,** | ) | |
| **v.** | ) | |
| **TEJ PRAMUKH HOSPITALITY, INCORPORATED, d/b/a ECONO LODGE,** | ) ) ) | **State File No. 860130-2024** |
| **Employer,** | ) | |
| **and** | ) | |
| **MARKEL SERVICE INCORPORATED is the Servicing Entity for MARKLE INSURANCE COMPANY,** | ) ) ) ) | **Judge Brian K. Addington** |
| **Carrier.** | ) | |

---

## COMPENSATION ORDER
## GRANTING SUMMARY JUDGMENT

---

Mr. Ramos's wife, Oralia Lopez, filed a petition for benefit determination requesting past medical benefits, temporary disability benefits and death benefits as his surviving spouse. TEJ Pramukh filed a motion for summary judgment, which the Court heard on May 8, 2025. Both parties appeared for the hearing.

Because TEJ demonstrated Ms. Lopez's evidence is insufficient to establish an essential element of her claim, the issue is whether she responded with specific facts showing a genuine issue for trial. Since she did not, TEJ is entitled to summary judgment.
.

## Claim History

Mr. Ramos and Ms. Lopez worked together cleaning motel rooms for TEJ. On October 28, 2023, Ms. Lopez left the room they were cleaning to get some towels. When she returned, another co-worker told her that Mr. Lopez had fallen. The co-worker did not see the fall. When asked, Mr. Ramos confirmed he was okay. Around five to seven minutes later Ms. Lopez heard a loud sound in the bathroom. When she checked, she found Mr. Ramos on the floor laying across the bathtub. He was flown to Knoxville for emergency treatment.

Mr. Ramos remained in the hospital for approximately two months before being released to hospice care at home. Ms. Lopez testified during a deposition that she was told Mr. Ramos suffered a stroke. However, she testified that she was never advised by his doctors that the stroke was caused by his work. Ms. Lopez did not submit any medical evidence for the Court to consider.

After issuance of a dispute certification notice, the Court set scheduling deadlines, including for filing dispositive motions and a dispositive-motion hearing date. The Court encouraged Ms. Lopez to seek counsel and to contact the Bureau's ombudsman program.

Later, TEJ filed a Motion for Summary Judgment with a statement of undisputed material facts with citations to the record in compliance with Rule 56.03 of the Tennessee Rules of Civil Procedure.

The statement of undisputed material facts included:

1. Ms. Lopez seeks worker's compensation benefits arising out of an alleged October 28, 2023, work incident and the March 6, 2024, death of her husband, Braulio J. Ramos.
2. She alleges Mr. Ramos fell twice while cleaning a motel room for the employer.
3. No one knows why Mr. Ramos fell either time on October 28, 2023.
4. After the alleged work incident, medical providers told Ms. Lopez that Mr. Ramos had suffered a stroke.
5. Ms. Lopez has not submitted a medical opinion from a physician stating that Mr. Ramos's employment with TEJ contributed more than 50% in causing his alleged injury and/or death.
6. Ms. Lopez has not provided a medical opinion from a physician that Mr. Ramos's employment with TEJ contributed more than 50% in causing any need for treatment.
7. Ms. Lopez has not identified a work-related hazard that supposedly caused or contributed to Mr. Ramos's injury or death.

2

Ms. Lopez did not file a response to the motion or any affidavits from physicians.

## Law and Analysis

Summary Judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2024).

TEJ must do one of two things to succeed in its motion: (1) submit affirmative evidence that negates an essential element of Ms. Lopez's claim, or (2) demonstrate that her evidence is insufficient to establish an essential element of her claim. Tenn. Code Ann. § 20-16-101 (2022); see also *Rye v. Women's Care Ctr. of Memphis*, MPLLC, 477 S.W.3d 235, 264 (Tenn. 2015).

If TEJ does either or both, Ms. Lopez must respond by producing specific facts showing a genuine issue for trial. *Id.*; Tenn. R. Civ. P. 56.06. If she does not, then "summary judgment, if appropriate, shall be entered against [her]." *Id.*

Here, TEJ demonstrated Ms. Lopez has insufficient medical evidence to establish an essential element of her claim. Specifically, she has not obtained medical evidence to prove that Mr. Ramos's injury arose primarily out of his employment. Thus, Ms. Lopez must produce evidence showing a genuine issue for trial. Yet she did not respond to the motion or supply affidavits from physicians that Mr. Lopez's accident or death was primarily related to his work.

Based on these facts, TEJ successfully showed that Ms. Lopez's evidence is insufficient to establish medical causation, which is an essential element of her claim. Therefore, no genuine issue of material fact exists regarding the question of causation, and the Court holds TEJ is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED as follows:**

1. TEJ is entitled to summary judgment as a matter of law of the issue of benefits arising from Mr. Ramos's accident and death.

2. The Court taxes the $150.00 filing fee to TEJ under Tennessee Compilation Rules and Regulations 0800-02-21-06 (2023) payable to the Clerk within five business days.

3. Unless appealed, this Order shall become final 30 days after entry.

ENTERED May 14, 2025.


Brian K. Addington

_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent on May 14, 2025.

| Name | First Class Mail | Email | Service sent to: |
|---|---|---|---|
| Oralia Vincent Lopez | X | | 1165 East Rose Street Morristown, TN 37814 |
| Lee Ann Murray and Taylor Pruitt, Employer's Attorneys | | X | leeamurray@feeneymurray.com trp@feeneymurray.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1.  Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➤ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➤ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3.  You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4.  After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*